FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH S., <br><br>   Plaintiff, <br><br>   v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | No. 4:20-cv-05116-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Chad Hatfield represents Sarah S. (Plaintiff); Special Assistant United States Attorney Leisa Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 23, 2017, alleging disability since March 1, 2012, due to depression, ADHD, PTSD, anxiety, thyroid disorder, insomnia, joint pain, degenerative disc disease in the neck, bilateral knee pain, and obesity. Tr. 88-89. The applications were denied initially and upon reconsideration. Tr. 140-48, 151-57. Administrative Law Judge (ALJ) Moira Ausems held a hearing on April 19, 2019, Tr. 42-86, and issued an unfavorable decision on June 11, 2019. Tr. 15-28. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on May 18, 2020. Tr. 1-5. The ALJ's June 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 17, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1981 and was 30 years old as of the alleged onset date. Tr. 27. She has a high school education and some college courses, and received her certification as a pharmacy technician. Tr. 348. She worked in various positions doing daycare assisting, cashiering, and storage property management until she broke her leg at work and was on worker's compensation. Tr. 51-52. She sought treatment in 2014 for mental health conditions and recovery from domestic violence, along with assistance in job searching. Tr. 362-63, 400. She also received treatment for various physical impairments and thyroid regulation. Tr. 515, 526, 739-40, 753-54.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If

a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE FINDINGS**

On June 11, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17-18.

At step two, the ALJ determined Plaintiff had the following severe impairments: morbid obesity, left lateral tibia fracture status post ORIF and hardware removal in 2012, minimal degenerative changes of the knees, mild asthma with obstructive and restrictive lung disease, cranial nerve palsy with ptosis of right eyelid resulting in decreased right eye vision, mild right carpal tunnel syndrome, hypertension, hypothyroidism, migraine headaches, major depressive disorder, generalized anxiety disorder with self-reported panic symptoms, post-traumatic stress disorder, and attention-deficit hyperactivity disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with additional limitations:

> She can stand and walk for no more than thirty minutes at a time and no more than four hours total in an eight-hour work day; she can never crawl or climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, and crouch; she must avoid exposure to temperature extremes of cold and heat; she must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases and settings with poor ventilation; she cannot tolerate any exposure to unprotected heights, dangerous moving machinery, or commercial driving; she can perform simple, routine tasks, as well as more detailed tasks provided those tasks are fairly predictable in nature and would not involve more

than infrequent adaptation to unforeseen changes to the work duties; she can tolerate no more than superficial interaction with the general public and coworkers; and she cannot perform tasks that are inconsistent with right-sided peripheral field visual limitations or that would present a safety hazard for an individual with left-sided monocular vision only.

Tr. 20-21.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a storage facility rental clerk. Tr. 26.

At step five, the ALJ alternatively found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of production assembler, furniture rental consultant, and outside deliverer. Tr. 27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) conducting an inadequate analysis at step three; (2) improperly rejecting Plaintiff's subjective complaints; and (3) making job findings based on an RFC that did not account for all of Plaintiff's limitations.

///
///
///
///

# DISCUSSION

**1. Step three**

Plaintiff argues the ALJ erred at step three by failing to find Plaintiff's conditions met or equaled Listing 3.02 for chronic respiratory disorders. ECF No. 18 at 10-16.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. §§ 404.15920(a)(4)(iii), 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant's condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Listing 3.02, concerning chronic respiratory disorders, requires a showing of spirometry testing with $FEV_1$ or FVC levels less than or equal to values in particular tables, based on the claimant's age, height, and sex. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.02A, 3.02B. The introduction to the listing explains the various requirements for the spirometry testing, including that the claimant must be medically stable at the time of the test and that testing must be repeated after bronchodilator inhalation if the $FEV_1$ is less than 70 percent of predicted normal value, and requires the spirometry report to include the claimant's name, age or date of birth, gender, and height; any factors that can affect the interpretation of the test results, such as cooperation; and legible tracing of the forced expiratory maneuvers. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.00E.

The ALJ found Plaintiff's conditions did not meet or equal the criteria of Listing 3.02, noting that the pulmonary function study did not provide any background information as to whether the claimant was experiencing any exacerbation of her asthma symptoms at the time of testing, and noting that three

months after the testing Plaintiff was noted to have normal lung sounds and did not report any respiratory symptoms. Tr. 18-19.

Plaintiff argues the ALJ erred in failing to even mention the $FEV_1$ and FVC values, noting that the pulmonary function report from September 2018 includes a listing-level $FEV_1$ level and an FVC level that is one one-hundredth of a point away from meeting 3.02B. ECF No. 18 at 10-14. She further argues the ALJ's rationale about background information was not clear, and asserts the evidence shows Plaintiff was medically stable. *Id.* at 14. Finally, she asserts that the ALJ should have at a minimum called on a medical expert to assist in making the listing determination. *Id.* at 15-16.[1] Defendant argues the ALJ reasonably addressed Listing 3.02 and legitimately found that all elements of the listing were not met. ECF No. 19 at 4-8.

The Court finds the ALJ did not err. The record documents a pulmonary function test in September 2018 where Plaintiff's $FEV_1$ was measured at 1.00L initially and 1.02L after a bronchodilator inhalation. Tr. 1034. The Listing requires a showing of equal to or less than 1.25L for someone of Plaintiff's age and height. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.02, Table I. Therefore, the $FEV_1$ was below listing level for Listing 3.02A. Plaintiff's FVC was 1.50L and 1.51L before and after the bronchodilator. Tr. 1034. Listing-level FVC levels are equal to or less than 1.50L. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.02, Table II.

---

[1] The Court regrets to note some extraordinarily unprofessional comments by Plaintiff's counsel directed at the ALJ hearing this matter. ECF No. 18 at 13 and again at ECF No. 20 at 3. Administrative Law Judges are currently making difficult decisions involving sensitive issues, under crushing caseloads. Counsel is reminded that attorneys are bound by their oath to maintain the respect due to the courts and judicial officers, whether or not they personally agree with them. Further lapses will be dealt with appropriately.

Using the highest measure as required by the Listing, Plaintiff's FVC level was slightly above listing level for Listing 3.02B.

However, the record contains no indications of whether Plaintiff was medically stable at the time of the pulmonary function test. The introduction to the listing notes examples of when a claimant would not be considered to be medically stable, including being within two weeks of a change in medications or if they are experiencing or within 30 days of treatment for a lower respiratory tract infection or acute exacerbation of a chronic disorder. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.00E(2)(a). The most contemporaneous records from Plaintiff's vocational rehabilitation file in the months preceding the test indicate Plaintiff was having difficulty with pain and her nervous system and was being tested for multiple sclerosis, and that she was no longer interested in working at that time and was considering returning to school. Tr. 834-36. There was no mention of breathing problems.[2] In December 2018, three months after her pulmonary function test, Plaintiff was noted to have no complaints with her respiratory system and her breathing was noted as normal. Tr. 1023-26. Therefore, the ALJ reasonably concluded that the listing was not met as there was no information as to whether Plaintiff was experiencing any exacerbation of her asthma symptoms at the time of testing. Tr. 19.

**2.     Plaintiff's subjective statements**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 18 at 10-16.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

---

[2] The record does not contain any medical records from this time period, only Plaintiff's reports to the Department of Vocational Rehabilitation about her medical problems and treatment.

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations were unsupported by the objective evidence, at odds with various comments Plaintiff had made regarding work, inconsistent with her activities of daily living, and unsupported by her inconsistent engagement in mental health treatment. Tr. 22-25.

Plaintiff argues the ALJ took her statements out of context, drew incorrect conclusions about her desire to work, overstated her daily activities without identifying anything inconsistent with her allegations, and failed to recognize the nature of mental health impairments, including their cyclical nature and the possibility that her mental conditions interfered with her compliance with treatment. ECF No. 18 at 16-20. Defendant argues the ALJ reasonably interpreted the record and offered clear and convincing reasons for discounting Plaintiff's allegations of disability. ECF No. 19 at 8-16.

The Court finds no error. In evaluating a claimant's reports, an ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ reasonably considered Plaintiff's statements throughout the record regarding her desire and ability to work, while also alleging disability during the same periods. Tr. 22-23. Such inconsistencies are a reasonable factor for an ALJ to take into account in evaluating the reliability of a claimant's allegations.

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ considered Plaintiff's failure to appear for mental health appointments or follow up with care providers. Tr. 25. This was a reasonable interpretation of the record. Plaintiff argues her noncompliance with medication at times was related to the side effects from the medications, but does not address her frequent no-shows to treatment or lack of follow through with appointments. Tr. 443, 446, 449, 459-60, 462, 502, 505, 614, 616, 715-16; ECF No. 18 at 18-19.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to the generally unremarkable physical and mental status exams throughout the record that fail to support limitations to the extent alleged by Plaintiff. Tr. 24-25. The ALJ's interpretation of the record is reasonable. While Plaintiff identifies some objective findings that are supportive of her allegations, when the evidence can reasonably support either affirming or reversing a decision, the Court may not substitute its judgment for that of the Commissioner. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

///

The Court therefore finds the ALJ offered clear and convincing reasons for her assessment of Plaintiff's subjective reports.

**3. Steps four and five**

Plaintiff argues that the job findings are insufficient, as the hypothetical posed to the vocational expert failed to account for all of Plaintiff's limitations. ECF No. 18 at 20. Plaintiff's argument is based on successfully showing that the ALJ erred in her treatment of the evidence. *Id*. Because the Court finds that the ALJ did not harmfully err, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 28, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE